THE STATE OF IOWA, Appellee, v. FRANK DINGMAN and PAT BRENNAN, Appellants.

**Criminal law:** ROBBERY: EVIDENCE. In this prosecution for robbery the evidence is reviewed and held sufficient to support conviction.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

SATURDAY, MAY 11, 1912.

THE defendants were indicted and convicted upon the charge of robbery, and they appeal.—*Affirmed.*

*Yeaman & Smith,* for appellants.

*Geo. Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

WEAVER, J.—George Hall and James Rice, having worked sufficiently long for each to acquire a pay check of $5.50, ceased from their labors and retired from business to enjoy their fortune. Desiring to travel, they interviewed a "railroad man" with whom they drank at the "Happy Corner Saloon," and he promised to "square them out" on some convenient train. While waiting the fulfillment of this promise, they went out by the viaduct, where they sat down and were soon joined by the defendants, with whom they had no previous acquaintance. Similarity of taste and thirst seems to have done away with the necessity of a formal introduction, and in a short time all were drinking beer from the same can, which was replenished from time to time, from a convenient saloon at the expense of Hall and Rice, until, as Rice testified, their capital had been reduced to something like $3 each. At this point Hall, having become more or less intoxicated, announced his purpose to go and find something to read. He exhibited at that time a small amount of money. The party separated; Hall going alone in one direction and the defendants in another. Very soon thereafter, defendants appear to have followed and overtaken Hall; for a witness saw them with him, their arms locked together three abreast, going in the direction of the place where Hall was afterwards found. The three were seen by another witness to go into a barn, and the door closed behind them. Later in the afternoon, a witness entering the barn found Hall lying there with a sack fastened over his head, his feet tied together with a rope, and having a wire twisted about his neck. A policeman being called, he released Hall from his bonds, and found a bleeding cut upon his head and the marks of a blow upon

his mouth. A search of his person disclosed no money. He was at first in a stupor and unable to answer questions, but later revived and pointed out the defendants as the persons who had been with him. Hall himself seems to have disappeared, and was not examined as a witness at the trial. The defendants offered no testimony in their own behalf.

The demand for a reversal of the judgment below is grounded upon the single proposition that the evidence is insufficient to warrant a conviction. We think otherwise: There was evidence from which the jury could properly find that when the beer party broke up Hall had some money, probably about $3, and that he was intoxicated; that, while defendants ostensibly started off in another direction, they turned or circled about in time to overtake Hall, and, taking him between them, led him into the barn and closed the door, after which they disappeared, leaving him there. The condition in which he was found plainly indicated that he had been the subject of inhuman violence, and this, with his empty pockets, justifies the inference of robbery. The chain of circumstances may be weak at some points; but it is nowhere broken, and is sufficient to create a moral certainty of appellants' guilt.

The judgment of the district court is therefore *affirmed.*